## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBIN G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-337 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is a Motion to Alter or Amend a Judgment filed by the

Commissioner of Social Security ("Commissioner") pursuant to Federal Rule of Civil Procedure

59(e). Doc. No. 14. Plaintiff Robin G. Smith ("Smith") opposes the motion. Doc. No. 15. A

motion of this kind is typically granted only upon a showing that there has been an intervening

change in the controlling law, that there is new evidence that was not available at the time of the

decision being challenged, or that amendment or alteration of a judgment is needed to correct a

clear error of law or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999). The Commissioner contends that the Court's earlier decision of

October 6, 2010, "reflects a clear error of law under existing Third Circuit precedent." Doc. No.

14 at 1. Nevertheless, he fails to identify the "Third Circuit precedent" vaguely referenced in his

brief. The United States Court of Appeals for the Third Circuit has declared that the

Commissioner may not reject competent medical evidence based solely on his own credibility

judgments, speculation or lay opinion. *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). This

Court has already explained why that precept was violated in this case. Doc. No. 12 at 5-14. No further discussion of that issue is necessary.

The Commissioner also takes issue with the Court's decision to order an award of benefits rather than remand the case for further administrative proceedings. Doc. No. 14 at 7-9. As the Court has already noted, however, the record contains vocational expert testimony establishing that no jobs exist in the national economy for an individual with the limitations identified by Dr. Victor Jabbour, a consultative medical examiner. Doc. No. 12 at 13. The medical opinions supplied by Smith's treating physicians did not contradict Dr. Jabbour's assessment. *Id.* at 8-13. Even if further proceedings were to show that Smith's condition has improved, Smith has demonstrated her inability to perform the duties of a full-time job between January 8, 2007, and January 8, 2008. *Id.* at 13-14. At the administrative hearing conducted in this case, Smith's counsel conceded that Smith's limitations were not expected to be permanent, and that an "early review" of her case would most likely be warranted under the Commissioner's regulations if she were to be awarded benefits. (R. 49). For this reason, the Court has observed that the Commissioner retains the ability "to periodically reevaluate Smith's condition in conformity with the applicable regulations." Doc. No. 12 at 14-15. Nonetheless, the possibility that Smith's condition may improve provides no basis for denying her the benefits to which she is already entitled. *Id.*

Accordingly, the Commissioner's motion to alter or amend the earlier judgment in this case will be denied. An appropriate order follows.

McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**ROBIN G. SMITH,**                                )
                                                                    )
          **Plaintiff,**                         )
                                                                    )
     **v.**                                              )        **Civil Action No. 10-337**
                                                                    )
**MICHAEL J. ASTRUE,**                     )
**COMMISSIONER OF**                      )
**SOCIAL SECURITY,**                        )
                                                                    )
          **Defendant.**                        )

## ORDER OF COURT

AND NOW, this 15th day of November, 2010, in accordance with the foregoing

memorandum opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the

Defendant's Motion to Alter or Amend a Judgment (*Document No. 14*) is **DENIED**.

s/ Terrence F. McVerry
United States District Judge

cc:     All counsel of record